WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyambadde Ronald,<br>  Petitioner,<br>v.<br>Luis Rosa, Jr., et al.,<br>  Respondents. | No. CV-26-00138-PHX-MTL (CDB)<br><br>**ORDER** |

This case involves a petition for habeas corpus under 28 U.S.C. § 2241. Petitioner, who entered the United States on June 17, 2015 on a B-2 visa,* alleges that the duration of his detention violates the United States Constitution and the Immigration and Nationality Act. Respondents filed a Response to the Petition along with a declaration of Miguel Martinez, a deportation officer working at the Florence Detention Center in Florence, Arizona. The Petition will be denied.

**I.**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot effect removal within the 90-

---

* Petitioner applied for admission and was admitted into the United States "as a non-immigrant visitor for pleasure, B-2" (Doc. 11-1 at 1 ¶ 5.) The visa provided "authorization to remain in the United States until December 16, 2015." (*Id*.) In 2023, Petitioner was arrested by Phoenix Police for assault, and the charge was dismissed. (*Id*. ¶ 7.) In July 2025, Petitioner was convicted of inducing prostitution in the Arizona Superior Court and sentenced to three years of probation. (*Id*. ¶ 14.)

day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6 months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## II.

The Petition alleges, "[o]n September 30, 2025, an Immigration Judge ordered Petitioner removed to Uganda but granted him withholding of removal to Uganda because of his sexual orientation as a gay man and the harm he will definitely face if removed to Uganda." (Doc. 1 at 2.) It also alleges that "Petitioner waived appeal, and the order became administratively final that day." (*Id*.) Respondents agree. (Doc. 11-1 at 3 ¶ 17.)

As the Petition itself explains, Petitioner's detention is still within the 6-month period of presumptive reasonableness under *Zadvydas*. Thus, Petitioner's detention is not unreasonable as a matter of law, and the Petition must be dismissed.

Even so, on this record, the Court finds that Petitioner cannot show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents are working to remove Petitioner from the United States to a country other than Uganda. Respondents explain that he requested removal "to

Switzerland, Austria, or the United Kingdom." (*Id.* ¶ 18.) Respondents appear to be working towards that result, as Petitioner desires, if obtainable. Respondents explain that "[o]n November 4, 2025, ICE submitted a request for assistance to for [sic] a third country removal to Switzerland, Austria or the UK." (*Id.* ¶ 19.) Then, on November 20, and December 7, 2025, "ICE resubmitted a request for assistance with third country removal." (*Id.* ¶¶ 20-21.) Additionally, "[o]n January 1, 2026, ICE submitted a request for acceptance of Petitioner to Kenya, Tanzania, Rwanda." (*Id.* ¶ 22.)

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** without prejudice. Petitioner is advised that the petition may be refiled if detention continues beyond the mandatory period and there is a good-faith basis to assert that it is unlawful.

**IT IS FURTHER ORDERED** that the Motion to Compel Respondents to Accept and Process Payment of Immigration Judge's Bond Order and for Immediate Release (Doc. 5) is **DENIED** for the reasons stated in the Response to Order to Show Cause (Doc. 11).

**IT IS FINALLY ORDERED** that the Clerk of Court must enter a judgment of dismissal without prejudice and close this case.

Dated this 10th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge